## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

BRENDA DIANE WHETSEL        :

    Plaintiff,        :

vs.        :        **NOTICE OF REMOVAL**

GENERAL AMERICAN        :
LIFE INSURANCE COMPANY,             MAGISTRATE JUDGE
                             :        SNOW
    Defendant.

_____ :

    TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA:

    The Defendant, GENERAL AMERICAN LIFE INSURANCE COMPANY ("General American"), through its counsel, and pursuant to 28 U.S.C. § 1441 and § 1446, removes the above captioned action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 99-21088 (13) and as grounds therefor states:

    1. On or about December 14, 1999, this action was commenced by the Plaintiff. General American was served with process by the Florida Insurance Department on December 23, 1999. Thirty (30) days have not expired after General American's receipt of process. *See* Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). A copy of the Insurance Department's Notice of Service of Process, the Summons and the Complaint are attached hereto as composite *Exhibit A*.

- 1 -

2. This action is removable as a civil action commenced in a State court of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 (Federal question) and 28 U.S.C. § 1332 (Diversity of citizenship).

3. This action is of a civil nature in which the Plaintiff alleges entitlement to insurance benefits under an employer sponsored benefit plan that is governed exclusively by the provisions of the Employee Retirement Income Security Act "ERISA." See §514 of ERISA, 29 U.S.C. §1144(a). As such, this action arises under and is founded on a claim or right arising under the laws of the United States (ERISA, see generally, 29 U.S.C. §1001, et seq.), and may be removed to this Court under the provisions of 28 U.S.C. §1441.

ERISA §514(a), 29 U.S.C. §1144(a), expressly preempts the state law breach of contract claim asserted in the Complaint which relates to the recovery of benefits under an employer sponsored plan to provide disability benefits.

4. Count II of the Complaint, "Claim for Benefits," is based on state law and seeks insurance benefits under an employer sponsored benefit plan.[1] Notwithstanding the state law form of the pleading, this action is removable under the above cited statutory authority and Provident Life Ins. Co. v. Taylor, 107 S.Ct. 1542 (1987) because (a) Plaintiff's claim is related to an "employee benefit plan" governed by ERISA; (b) Plaintiff's claim is preempted by ERISA and is not saved from preemption; and (c) Plaintiff's claim is necessarily federal in character, arises under the laws of the United States and is removable to this Court pursuant to 28 U.S.C. §1441. See also Urbino v. Pan American Life Ins. Co., 822 F. Supp. 1556 (S.D. Fla. 1993) (state law claims, including breach of contract and declaratory judgment, all held preempted by ERISA).

---

[1] The issue of ERISA preemption will be addressed in General American's Motion to Dismiss to be filed within 5 days pursuant to Rule 81(c) of the Federal Rules of Civil Procedure.

GREENBERG & LAGOMASINO, P.A. • 799 BRICKELL PLAZA • SUITE 700 • MIAMI FLORIDA 33131 • TEL. 305 379-6600

5. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332 and General American is entitled to remove this action to this Court pursuant to 28 U.S.C. §1441(a) and (b). This is a civil action where the matter in controversy exceeds the sum or value of $75,000,[2] exclusive of interest and costs, and at the time of removal and at the time of commencement, the action is between citizens of different States.

6. Plaintiff is a citizen of the State of Florida residing in Broward County, Florida.

7. General American is a corporation incorporated under the laws of the State of Missouri and its principal place of business is in St. Louis, Missouri. General American is a citizen of the State of Missouri.

8. Written notice of the filing of this Notice has been given to all parties in this action and a copy of this Notice shall be promptly filed with the Clerk of the Seventeenth Judicial Circuit in and for Broward County, Florida.

WHEREFORE, Defendant, GENERAL AMERICAN LIFE INSURANCE COMPANY, hereby removes the above action now pending against it in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to this Court.

Respectfully submitted,

MARK D. GREENBERG, ESQ.
Fla. Bar No: 283959
J.P. GOSHGARIAN, ESQ.
Fla. Bar No.: 964956
Greenberg & Lagomasino, P.A.
799 Brickell Plaza, Suite 700
Miami FL 33131
Phone: (305) 379-6600
Fax: (305) 379-6612
Attorneys for Defendant

---

[2] See Plaintiff's Complaint, p. 6 ¶ 35

- 3 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed to

Dean M. Viskovich, Esq., Counsel for Plaintiff, 3650 North Federal Highway, Suite 201, Pompano

Beach, Florida, 33064, on January 12, 2000.

J.P. Goshgarian, Esq.



THE TREASURER OF THE STATE OF FLORIDA
DEPARTMENT OF INSURANCE

BRENDA DIANE WHETSEL

PLAINTIFF(S),

VS.

GENERAL AMERICAN LIFE INSURANCE COMPANY

DEFENDANT(S).

SUMMONS, COMPLAINT

CASE #: 99-021088 CACE 13
COURT: CIRCUIT COURT
COUNTY: BROWARD
DOI-SOP#: 99-33648

RECEIVED
DEC 27 1999
LAW DIVISION

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HERBY GIVEN of the acceptance or receipt of Service of Process by the Insurance
Commissioner and Treasurer, served or delivered to my office by MAIL
on the 22nd day of December, 99, addressed to the Insurance Commissioner (as process agent or
agent for the insurer). A copy of said process was mailed by certified mail from this office to:

GENERAL AMERICAN LIFE INSURANCE COMPANY
ROBERT J BANSTETTER
PO BOX 396
ST LOUIS MO 63166

as resident agent for the named insurer according to my records; or mailed to said addressee as
an agent or to said insurer at the request of the plaintiff or plaintiff's attorney on the 23rd day
of December, 99.

Bill Nelson
Bill Nelson
Insurance Commissioner and Treasurer

Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent
filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080

Distribution: Clerk of Court, Defendant, Plaintiff or Plaintiff's Attorney

Plaintiff's Representative:
DEAN M. VISKOVICH
SUITE 201
3650 N. FEDERAL HIGHWAY
POMPANO BEACH FL 33064                                    JW

EXHIBIT

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA
CASE NO.

**BRENDA DIANE WHETSEL**
Plaintiff,

9902103

vs.

**SUMMONS**

**GENERAL AMERICAN LIFE INSURANCE COMPANY**
Defendant.

_____/

THE STATE OF FLORIDA
To All and Singular Sheriffs of said State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition, with all attached documents thereto, in this action upon the DEFENDANT:

**GENERAL AMERICAN LIFE INSURANCE COMPANY**
By Serving:    The Insurance Commissioner
               State of Florida, The Capitol
               Tallahassee, Florida 32304

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorneys:

DEAN M. VISKOVICH, ESQUIRE
LAW OFFICES OF DEAN M. VISKOVICH, P.A.
Attorneys for Plaintiff
3650 N. Federal Highway, Suite 201
Pompano Beach, FL 33064
Phone: (954) 943-7633
Fax: (954) 943-0481

(20) days after service of this summons upon that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on plaintiff's attorney or immediately thereafter.

If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the Seal of said Court _____

ROBERT LOCK
As Clerk of said Court

By: _____



IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CASE NO.

**99021088**

**BRENDA DIANE WHETSEL**
      Plaintiff,

vs.

**GENERAL AMERICAN LIFE INSURANCE
COMPANY**
      Defendant.
_____/

## COMPLAINT

The Plaintiff, by and through the undersigned attorney, files this, her action for relief and

states as follows:

### COUNT I
### Action for Declaratory Relief

This is an action for declaratory relief.

1.      This Court has jurisdiction to hear this action pursuant to and in accordance with

Florida Statutes §86.011.

2.      Any and all damages which this plaintiff may request in a supplemental or

independent action regarding the parties and subject matter/dispute alleged herein exceed the sum

of Fifteen Thousand Dollars.

3.      At all times material hereto plaintiff, Brenda Diane Whetsel, was a resident of the

State of Florida, is over the age of Eighteen (18) and in all other respects is sui juris.

4.      At all times material hereto defendant was a corporation duly licensed to transact

insurance business in the State of Florida and maintained agents for the transaction of its

customary business in Broward County, Florida.

5.    On or about October 29, 1995, Brenda Diane Whetsel was involved in a incident in the State of Florida, during which (s)he sustained permanent personal injuries, causing her to become disabled.

6.    As a direct and proximate result of the injuries Brenda Diane Whetsel sustained in the incident, (s)he sought medical, rehabilitative, nursing and remedial care.

7.    Defendant issued two policies of Disability Income to Brenda Diane Whetsel which provided Disability Income benefits to Brenda Diane Whetsel as a covered person as required by law to comply with Florida Statutes, under policy numbers 008429896 and 8402668.

8.    The above-described policy was in full force and effect on the date of the accident and provided Disability Income coverage to Brenda Diane Whetsel for bodily injuries sustained in said accident.

9.    Brenda Diane Whetsel provided defendant with a properly executed application for Disability Income benefits together with medical authorizations for the defendant to obtain relevant information. Plaintiff does not have a copy of the complete application for Disability Income benefits showing receipt by the defendant; however, plaintiff believes that the defendant has a copy of said application.

10.    Plaintiff has performed all conditions precedent to entitle plaintiff to recover disability income benefits directly from the defendant.

11.    Plaintiff gave notice of covered losses and made demand for Disability Income benefits from defendant.

12.    Defendant did not make all payment of the Disability Income benefits due plaintiff

as required by Florida Law which payment is due in Broward County, Florida.

13.    Defendant has failed to pay all the Disability Income Benefits despite that the defendant has no reasonable proof to establish that it is not responsible for the payment.

14.    Defendant has failed to pay the statutory interest penalties and attorneys fee required by law.

15.    Defendant has denied coverage for, plaintiff's Disability Income benefits without reasonable proof or an actual physical examination of plaintiff, stating that the plaintiff is not disabled.

16.    The plaintiff is in doubt as to whether or not the defendant can deny coverage for, Disability Income benefits without reasonable proof or having conducted a physical examination of the patient having stating that the Insured is not disabled.

17.    There is a bona fide, present and actual dispute between the parties hereto, and this plaintiff has and does allege justiciable issues as to the existence or non-existence of its rights, power, obligations and legal relation with defendant given the subject contract of insurance, the exhibits attached hereto, this Amended Complaint and applicable Florida Statutes.

18.    As a result plaintiff has been placed in doubt as to its rights under the law and is in need of immediate judicial determination of those rights.

19.    There is a present and actual need for a declaration as to the issues set forth herein.

20.    There are adverse interests before the court in this action between the parties as to the requirement of the defendant to conduct a physical examination or have reasonable proof on a Insured stating that the Insured is not disabled, in advance of denying Disability Income benefits for Insured's.

21.    The plaintiff seeks attorney's fees pursuant to and in accordance with Florida Statute Sections §627.428 together with applicable case law.

WHEREFORE, the plaintiff requests that this Court:

A.    order full disclosure of all documents and allow full and liberal discovery of all facts that may lead to admissible evidence relevant to the determinations herein including production of the complete policy of insurance and a complete copy of the written material in the possession of the defendant that may lead to discoverable information on the issues involved herein.

B.    issue a declaratory judgment that the termination of disability income benefits without conducting a physical examination or without having reasonable proof, and/or without a report generated by a physician stating that the insured is not disabled, is insufficient as a matter of law for the denial of Disability Income benefits and that is in violation of Florida law.

C.    determine the applicable law, including the provisions of Florida Statutes, that apply to the policy and to the parties.

D.    declare that each policy provision not in conformity with Florida law be amended to conform with Florida law.

E.    declare that any ambiguities in the statutes or policy be construed in favor of coverage.

F.    determine and declare any other material matters pertaining to the coverage or otherwise as to the respective rights and responsibilities of the party under the policy as needed to do complete justice in this case.

G.    award attorney's fees pursuant to F.S. §627.428 legal assistant fees pursuant to F.S. §57.104 and costs pursuant to F.S. §92.231 and F.S. §57.041.

## COUNT II
### Claim for Benefits

22. This is an action for supplemental relief pendant to claims for declaratory relief.

23. This court has jurisdiction over this claim in accordance with applicable law providing for resolution of all issues between the parties to be resolved in one forum.

24. At all times material hereto plaintiff was a resident of State of Florida, is over the age of eighteen (18) and in all other respects sui juris.

25. At all times material hereto defendant was a corporation duly licensed to transact insurance business in the State of Florida and maintained agents for the transaction of its customary business in Broward County, Florida.

26. On or about October 29, 1995, Brenda Diane Whetsel was involved in an incident in the State of Florida, during which (s)he sustained permanent personal injuries.

27. As a direct and proximate result of the injuries Brenda Diane Whetsel sustained in the incident, she sought Disability Income Benefits from the Defendant.

28. Defendant issued a policy of Disability Income Benefits to Brenda Diane Whetsel which provided Disability Income benefits to Brenda Diane Whetsel as a covered person as required by law.

29. The above-described policy was in full force and effect on the date of the accident and provided Disability Income coverage to Brenda Diane Whetsel as a result of permanent bodily injuries sustained in said accident.

30. Brenda Diane Whetsel provided defendant with a properly executed application for Disability Income benefits together with medical authorizations for the defendant to obtain relevant information. Plaintiff does not have a copy of the complete application for Disability

Income benefits showing receipt by the defendant; however, plaintiff believes that the defendant has a copy of said application.

31.     Plaintiff has performed all conditions precedent to entitle plaintiff to recover Disability Income benefits directly from the defendant pursuant to the above-described policy.

32.     Plaintiff gave notice of covered losses and made demand for Disability Income benefits from defendant for benefits due and owing.

33.     Defendant did make some payment of the Disability Income benefits due plaintiff at Broward County, Florida as required by Florida law, but terminated benefits in breach of the Insurance contract.

34.     Defendant has failed to pay covered losses despite that the defendant has no reasonable proof to establish that it is not responsible for the payment.

35.     Based upon current information and belief, there is due and owing to plaintiff by defendant the sum of $400,000.00, Four Hundred Thousand Dollars plus interest.

36.     Due to the failure of the defendant to pay Disability Income benefits in accordance with the law, plaintiff has been required to retain the undersigned law firm for the prosecution of this lawsuit. The plaintiff has agreed to pay, and the attorneys of the firm have agreed to accept any court awarded fee.

37.     Defendant has failed to pay the statutory interest penalties and the statutory attorney's fees required by law.

38.     Plaintiff would derive a direct benefit from the court's judgment ordering the defendant to pay interest and attorney's fees even if defendant pays all or some of the disputed Disability Income benefits before judgment is entered after suit is filed.

WHEREFORE, the plaintiff seeks a Judgment of this Court for damages and that the Defendant, General American Life Insurance Company, pursuant to Florida Statutes Sections §627.428, §57.041, §57.104, §92.231 and Florida law shall pay reasonable attorney's fees and costs of this action and demands trial by jury of all issues so triable.

DEAN M. VISKOVICH, P.A.
Attorneys for Plaintiff
3650 N. Federal Highway, Suite 201
Phone: (954) 943-7633
Fax: (954) 943-0481

Dated: 12/14/99

By: _____
DEAN M. VISKOVICH
FBN: 622760

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

BRENDA DIANE WHETSEL

**DEFENDANTS**

GENERAL AMERICAN LIFE INSURANCE CO.

MAGISTRATE
SNOW

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

A-Broward  000-06062 WDF Snow

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Dean M. Viskovich, Esq., Dean M. Viskovich, P.A., 3650
N. Federal Hwy, #201, Pompano Beach FL 33064 954-943-7633

ATTORNEYS (IF KNOWN)  Mark D. Greenberg, Esq., Greenberg &
& Lagomasino, P.A. 305-379-6600, 799 Brickell Plaza
Suite 700, Miami, Florida 33131

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Plaintiff alleges entitlement to insurance benefits under an employee benefit plan governed by sec. 514 of ERISA, 29 U.S.C. 1144(a).  See also, 28 U.S.C. 1332.

IVa. ⁴ days estimated (for both sides) to try entire case.

**V. NATURE OF SUIT** (PLACE AN × IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | A PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | B SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | A LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 881 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | B ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | A FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| B ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | X ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ★ ☐ 890 Other Statutory Actions A or B |
| | | ☐ 555 Prison Condition | | | |

**VI. ORIGIN** (PLACE AN × IN ONE BOX ONLY)

☐ 1 Original Proceeding
XX 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Refiled
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: XX YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE  1/12/00
SIGNATURE OF ATTORNEY OF RECORD  0964956
MARK D. GREENBERG, ESQ. Fla. Bar No. 283959

FOR OFFICE USE ONLY:  Receipt No. 81545 3  Amount: 150.00

Date Paid: 01/12/00  MJ/ifp: _____

UNITED STATES DISTRICT COURT
S/F  1-2
REV. 6/90