UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CASE NO. 00-06062-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

BRENDA DIANE WHETSEL                    :

    Plaintiff,                          :

vs.                                     :

GENERAL AMERICAN                        :
LIFE INSURANCE COMPANY,

                                        :

    Defendant.

_____    :

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT**

The Defendant, GENERAL AMERICAN LIFE INSURANCE COMPANY ("General

American"), through its counsel and pursuant to Fed. R. Civ. P. 81(c), 12(b)(6) and (e), serves this

Motion to Dismiss Plaintiff's Complaint and Motion for More Definite Statement. General

American states the following grounds in support of this motion:

1.      Counts I and II of the Plaintiff's Complaint must be dismissed as preempted by the

Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq, ("ERISA"); alternatively

2.      Count I of the Complaint (Action for Declaratory Relief) must be dismissed for

failure to state a claim upon which relief can be granted;

3.      Count II of the Complaint (Claim for Benefits) must be dismissed for failure to state

a claim upon which relief can be granted; and

4.      The Complaint requires a more definite statement due to various vague and

ambiguous allegations.

## I. STATEMENT OF CASE

This action, removed from state court by General American on January 13, 2000, concerns Disability Income Insurance Policies ("Policies") issued by General American to the Plaintiff, as the insured, on October 15, 1987 and October 15, 1990. In sum, the Policies entitle the Plaintiff to disability benefits in the event she becomes disabled as defined by the Policies.

Count I of the Complaint is for declaratory relief and alleges General American has failed to pay the Plaintiff disability benefits provided by the Polices. Count I prays for the Court to declare, *inter alia*, that termination of disability benefits "without conducting a physical examination or without having reasonable proof, and/or without a report generated by a physician stating that the insured is not disabled, is insufficient as a matter of law for the denial of Disability Income [B]enefits and that [sic] is in violation of Florida law." (Complaint, p. 4, ¶ 12.B.)

Count II of the Complaint, though titled "Claim for Benefits," is a claim for breach of contract and alleges damages in the amount of $400,000.00 plus interest as a result of General American's failure to make disability payments under the Policies.

## II. MEMORANDUM OF LAW

### A. Preemption Of Plaintiff's State Law Claims By ERISA

Based on the allegations of the Complaint,[1] the Policies at issue are an "employee benefit

---

[1] The Policies referred to in the Complaint are considered part of the Complaint for all purposes including determining the sufficiency thereof. See Jacksonville Newspaper Printing Pressmen and Assistants' Union No. 57 v. Florida Publishing Co., 340 F. Supp. 993, 995 (M.D. Fla. 1972) (District Court considered contract attached to the complaint when ruling on motion to dismiss for failure to state a claim); Kagan v. Intervest Midwest Real Estate Corp., 774 F. Supp. 1089 (N.D. Ill. 1991); Stepan Co. v. Winter Panel Corp., 948 F. Supp. 802 (N.D. Ill.1996) (Contract which is appended to plaintiff's complaint and is therefore incorporated in parties' pleadings may properly be considered on motion to dismiss for failure to state claim.) Although the Complaint alleges otherwise (p. 3, para. 17), the actual Policies at issue were not attached as an exhibit to the copy of the Complaint served on General American. It is believed that the Plaintiff has failed to

plan" as defined by ERISA. As such, the Plaintiff's claims for declaratory relief and breach of contract are preempted by ERISA and must be dismissed.

Absent exceptions not germane to these proceedings, ERISA applies to any "employee benefit plan" if it is established or maintained by any employer or employee organization engaged in commerce or in any industry or activity affecting commerce, or by both an employer and an employee organization. ERISA § 4(a), 29 U.S.C. § 1003(a). "Employee benefit plan" or "plan" means an "employee welfare benefit plan" or an "employee pension benefit plan" or a plan consisting of both a welfare plan and pension plan. ERISA § 3(3), 29 U.S.C. § 1002(3). ERISA further defines the terms "employee welfare benefit plan" and "welfare plan" in pertinent part as follows:

> [A]ny plan, fund or program which was . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of *insurance* or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, *disability*, death or unemployment . . .

ERISA § 3(1), 29 U.S.C. § 1002(1) (emphasis added).

After considering the above cited ERISA provisions, the Eleventh Circuit Court of Appeals in <u>Donovan v. Dillingham</u>, 688 F.2d 1367 (11th Cir. 1982), concluded that by definition, a welfare plan requires the following five prerequisites:

> (1) a "plan, fund or program" (2) established or maintained (3) by an employer or by an employee organization, or by both (4) for the purpose of providing medical, surgical, hospital care, sickness,

---

attach the Policies to the original Complaint filed in state court. Assuming that is true, the Complaint fails to state a claim upon which relief can be granted. In support of General American's argument that ERISA preempts the Plaintiff's state law claims, attached to this Motion are various exhibits comprising the subject Policies. These exhibits should not be considered to be matters outside the pleadings since the Policies were intended to be and should have been made part of the Plaintiff's Complaint.

accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care center, scholarship funds, pre-paid legal services or severance benefits (5) to participants or their beneficiaries.

Id. at 1371. As discussed below, all five of the prerequisites of an ERISA plan are present in this case.

"At a minimum . . . a 'plan, fund, or program' under ERISA implies the existence of intended benefits, intended beneficiaries, a source of financing, and a procedure to apply for and collect benefits." Donovan, supra at 1372. No formal written plan is required either by ERISA's coverage section or definition section. Id. Also, "it is the reality of a plan, fund or program and not the decision to extend certain benefits that is determinative." Id. at 1373. The reality of a plan can be determined by addressing the issue of "whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." Id.

The purchase of an insurance policy from General American is significant when considering the ERISA application issue before the Court. Though "the purchase of insurance does not conclusively establish a plan, fund or program, [  ] *the purchase is evidence* of the establishment of a plan, fund or program; the purchase of a group policy *or multiple policies* covering a class of employees *offers substantial evidence that a plan, fund or program has been established."* Donovan, supra at 1373 (emphasis added).

In addition to purchasing the subject Policies, Plaintiff's employer Tropical Dental Labs, Inc. (hereinafter "Tropical"), also purchased or otherwise financed another disability income insurance policy for Michael Vallorigara. (See Exhibit 1: Policy No. 8429896 application documents / GAAP

47, 49 and 53) As specifically stated in Exhibit 1, the purchases of the Policy at issue and a policy insuring Michael Vallorigara were intended to be part of a *"employer sponsored plan."* (emphasis supplied)  Though not conclusively establishing a plan, Tropical's purchase of multiple policies presents *"substantial evidence"* to the Court that a plan has been established. Donovan supra. The purchase of these multiple policies is part of the "surrounding circumstances" for the Court's consideration in determining whether ERISA applies.  With substantial evidence of the existence of an established plan on the one hand, coupled with the presence of the five Donovan prerequisites for an ERISA plan in the other, the "reality" of this plan is obviously one that is subject to ERISA.

The intended benefits offered by the subject Policies can easily be ascertained simply by reference to the express terms of the written Policies (See Exhibit 2: Policy No. 8,402,668).  The intended benefits are disability benefits in the form of income payable to the insured, the Plaintiff, in the event she becomes disabled.  These are written Policies of insurance that describe with specificity the amount and nature of benefits.  Moreover, "Disability Benefits" are one of the enumerated benefits falling within the scope of ERISA's definition of "employee welfare benefit plan" and "welfare plan." ERISA § 3(1), 29 U.S.C. § 1002(1)(A).

Similarly the intended beneficiary of the subject Policies is clearly the Plaintiff.  (See generally Exhibit 2)  The Policies specifically state that the available benefits will be payable to the Plaintiff as the insured.  Furthermore, the Plaintiff, an *individual*, fits squarely within ERISA's

definition of a "beneficiary"[2] since Plaintiff is the "person"[3] expressly designated by the Policies for entitlement to benefits.

The source of financing the plan is Tropical, which purchased and/or financed the subject Policies as well as the other disability income policy that benefits Tropical and its employees in case of disability. As reflected in Exhibits 2 and 3, Tropical paid the premiums for the subject Policies. (See Exhibit 2: Policy No. 8,402,668 Application, question 6) (See Exhibit 3: Policy No. 8429896 application documents GAAP 41 Section A, question 6; GAAP 43 Section F, questions 30 and 31; and GAAP 80.)

Finally, the procedures for receiving benefits are also clearly ascertainable from the written Policies. (See Exhibit 2: Policy No. 8,402,668, p. 5.03 "6. CLAIM INFORMATION")

General American has established that there does indeed exist, *in reality and from the surrounding circumstances*, a "plan, fund, or program" which was in place, designed to benefit the Plaintiff and Tropical's employees should they become disabled. Having established the first of the five Donovan prerequisites for a plan, *see infra.* p. 3 - 4, the remaining four prerequisites for the plan, fund or program fall into place. It is clear from the written Policies of insurance that this "plan" was: (2) "established or maintained"; (3) by an "employer" (Tropical Dental Labs, Inc.); (4) for the purpose of providing "disability benefits"; and (5) to participants or their beneficiaries (Plaintiff).

The impact of ERISA application is preemption of all state law claims as they relate to any

---

[2] "The term 'beneficiary' means a *person* designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8) (emphasis supplied)

[3] "The term 'person' means an *individual*, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization." 29 U.S.C. § 1002(9) (emphasis supplied)

employee benefit plan. 29 U.S.C. § 1144(a). The Supreme Court has made it clear that the pre-emptive provision of ERISA is extremely broad and includes state common law, tort and breach of contract actions brought in connection with claims based upon the denial of benefits under a plan governed by ERISA. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 51, 107 S. Ct. 1549, 95 L.Ed.2d 39, (1987).

The broad scope of ERISA's preemption provision has been interpreted by the Supreme Court and numerous Eleventh Circuit Court cases which invariably cite the clear expression of congressional intent that ERISA's civil enforcement provisions are exclusive in nature. See Nachwalter v. Christy, 805 F.2d 956 (11th Cir. 1986); Urbino v. Pan America Life Ins. Co., 822 F.Supp. 1556 (S.D. Fla. 1993) (state law claims for breach of contract, estoppel, vicarious liability and declaratory judgment dismissed; all are state law claims preempted by ERISA); Parrino v. FHP, 146 F. 3d 699 (9th Cir. 1998) (ERISA preempted an insured's state law causes of action for breach of the implied covenant of good faith and fair dealing). Since the declaratory action and breach of contract claims arise from the alleged denial of a claim for benefits under a plan regulated by ERISA, they are preempted by ERISA, and therefore subject to dismissal. The Plaintiff's exclusive remedy is a claim for recovery of benefits under ERISA as provided in 29 U.S.C. §1132.

### B. Failure To State a Claim
### Upon Which Relief Can Be Granted

Should the Court find that based on the pleadings ERISA does not apply,[4] General American, pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Counts I and II for failure to state a claim

---

[4] If ERISA is found to be inapplicable, the District Court would still have original jurisdiction over the state law claims based upon diversity of citizenship. 28 U.S.C. § 1332

upon which relief can be granted. Additionally, Counts I and II should be dismissed in order to allow the Plaintiff to plead a more definite statement.

### 1. Fed. R. Civ. P. 12(b)6: Standard

A motion to dismiss for failure to state a claim upon which relief can be granted is to allow the Court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burden of unnecessary pretrial and trial activity. Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems Inc., 988 F.2d 1157 (8th Cir. 1993).

A Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Factual allegations supporting a claim "must be plead with sufficient clarity so as to 'give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests.'" Peterson v. Atlanta Housing Authority, 998 F.2d 904, 902 (11th Cir. 1993)(emphasis supplied by Circuit Court) quoting Conley, 355 U.S. at 47. All facts alleged in the complaint are accepted as true and construed in the light most favorable to the plaintiff except when the facts alleged are internally inconsistent or when they run counter to facts of which the Court can take judicial notice. Gerstein v. Rundle, 833 F.Supp. 906, 910 (S.D. Fla 1993)(citations omitted). Also, conclusory allegations and unwarranted deductions of fact need not be accepted as true. Id., citing Assoc. Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974).

### 2. Count I: Declaratory Action

Whether this Court should exercise its power to consider declaratory relief is directed to the sound discretion of the Court. See generally Fair v. Dekle, 367 F.2d 377 (5th Cir. 1966). Among

the factors which should be considered in determining whether or not to hear a declaratory judgment action are whether a declaratory action would settle the controversy, whether it would serve a useful purpose in clarifying the legal relations at issue and whether there is an alternative remedy which is better or more effective. See State Farm Fire and Casualty Company v. Mhoon, 31 F.3d 979 (10th Cir.1994); St. Paul Fire and Marine Insurance Company v. Runyon, 53 F.3d 1167 (10th Cir. 1995).

In the context of this case, Count I fails to even make reference to particular policy provisions involved in the dispute which are themselves ambiguous or in need of construction. Rather, it is evident that Count I requests a determination that under the *facts presented,* General American is in breach of contract.

Though Count II is subject to dismissal or a more definite statement, the Plaintiff has asserted an adequate remedy at law in the form of her breach of contract action and in doing so, negates any basis or need for declaratory relief. The validity, rights and obligations under the Policies will necessarily be determined in the contract action and accordingly, there is no need for this Court to exercise its discretion to hear a declaratory judgment action. See St. Paul Fire and Marine Insurance Company v. Runyon, 53 F.3d 1167 (10th Cir.1995) (where a pending action incorporates the identical issue involved and the rights and obligations under the contract will necessarily be determined, it is not necessary for a federal court to issue a declaration on the insurance contract). The Plaintiff has an available and adequate remedy at law rendering the additional judicial labor presented by a declaratory judgment action unnecessary. The dispute between the Plaintiff and General American concerns only a factual dispute between the Parties concerning the extent of the Plaintiff's alleged disability and eligibility for disability benefits. The Plaintiff alleges she is entitled to disability benefits under the subject Policies while General American has concluded otherwise.

A determination of that factual dispute is not a proper subject for declaratory relief but is instead a matter to be resolved by the trier of fact.

Additionally, specific declaratory relief prayed for by the Plaintiff can be characterized as nothing less than asking the Court to rewrite the Policies and to impose upon General American new contractual obligations not otherwise expressed by the terms of the Policies or capable of being imposed by law. For example, the Plaintiff seeks to judicially rewrite the Policies when she requests a declaration that General American must have "reasonable proof" before denying disability benefits under the policy. (Complaint, p. 4, ¶ 21.B) Similarly, the Plaintiff also seeks to rewrite the Policies to require General American to obtain a report generated by a physician stating that she is not disabled. (Complaint, p. 4, ¶ 21.B) Finally, paragraph 21.A., the "WHEREFORE" clause to Count I of the Complaint must be stricken as an improper prayer for declaratory relief. Declaratory relief is not a necessary or appropriate vehicle to seek discovery. Discovery should be allowed to proceed in its customary fashion in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Court. These requests are clearly not proper subjects for declaratory relief.

The Plaintiff's Complaint fails to mention any contractual ambiguities or other basis for the Court to entertain an action in equity. There is simply no need for the Court to engage in the process of contractual interpretation and/or Policy construction. For these reasons, Count I must be dismissed for failure to state a claim upon which relief can be granted.

### 3. Count II: Claim For Benefits

The Plaintiff's Complaint couches Count II as a "Claim For Benefits" and "an action for supplemental relief pendant to claims for declaratory relief." (Complaint, p. 5, ¶ 22) In reality, the allegations in Count II reflect a failed attempt by the Plaintiff to state a cause of action for "Breach

Of Contract."[5]  (Complaint, p. 5, ¶ 33 ("Defendant did make some payment . . . but terminated benefits *in breach of the Insurance contract*.") emphasis supplied)

"In contract actions, the complaint must allege the execution of the contract, the obligation thereby assumed, and the breach." Industrial Medicine Publishing Co. v. Colonial Press of Miami, Inc., 181 So.2d 19 (Fla. 3d DCA 1966) (citation omitted).  Count II does not clearly allege the necessary elements to state a claim for breach of contract.  In indiscriminate fashion, Count II touches upon the required elements for a contract claim and then confuses the pleading by alleging tort concepts not found in the Policies.  While cognizant that the Federal Rules of Civil Procedure allow for liberality in pleading, General American should nevertheless not be required to answer Count II as stated.  The Policies sued upon are written instruments which set forth the rights and obligations between the parties.  The rights and obligations between the Parties are clearly defined by the Policies and the obligations which the Plaintiff contends General American has breached should be stated with reference to a contract claim rather than a tort cause of action.  Only then will the claim be "plead with sufficient clarity so as to 'give [General American] fair notice of what the plaintiff's claim is and the grounds on which it rests.'" Peterson, supra.

Further complicating the matter are those obligations outside the Policies which Count I inappropriately seeks to impose, and various vague and ambiguous allegations of other obligations within Count II itself.  For example, paragraph 33 suggests, but does not clearly state that the termination of benefits is sole basis for the breach of contract.  However, paragraph 34 then alleges General American failed to "pay covered losses," paragraph 36 alleges a failure to pay "in accordance

---

[5] How the Plaintiff wishes to title Count II may seem inconsequential, but for the sake of clarity and identity, the claim should be titled for what it is.

with the law" as opposed to the Policies, and paragraph 37 alleges failure to pay "statutory interest penalties" and "statutory attorney's fees." General American is left to assume — at its own peril — that the only obligation the Plaintiff contends has been breached is to provide disability benefits under the Policies.

Assuming that the breach of contract claim is not preempted by ERISA, Count II must be dismissed without prejudice with leave to amend in order for the Plaintiff to properly state a contract claim. Further grounds for dismissal or providing a more definite statement are the presence of the vague and ambiguous allegations discussed below.

### C. Rule 12(e) Motion
### For More Definite Statement

General American, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, also moves this Court for the entry of an order requiring the Plaintiff to make a more definite statement in her Complaint. The following vague allegations preclude General American from responding to the Complaint and require a more definite statement:

a.      Citations to the particular statutory and legal authority relied upon in the Complaint (Complaint, p. 2, ¶¶ 7 and 12; p. 3, ¶ 17; p. 4, ¶¶ 21.B, C, and D; p. 5, ¶¶ 23 and 28; p. 6 ¶¶ 33 and 36);

b.      The nature of the alleged "covered losses" (Complaint, p. 2, ¶ 11; p. 6, ¶¶ 32 and 34) since the allegations of the Complaint suggest that the basis for the claim is the decision to terminate disability benefits; and

c.      The attachment of the purported "attached exhibits" to the Complaint (Complaint, p. 3, ¶ 17).

The Plaintiff has also made ambiguous allegations in the Complaint by first alleging she was injured in an "incident" and then later characterizing the event as an "accident." The injuries suffered

are first claimed to be "permanent personal injuries" and later described as "bodily injuries" or "permanent bodily injuries." The Plaintiff appears to be seeking denied disability benefits but at the same time makes allegations concerning the notice and denial of unidentified "covered losses." Though most likely a typographical error, Page 3 paragraph 17 of the Complaint makes reference to an "Amended Complaint." The Complaint further alleges that General American has failed to pay the statutory interest penalties and attorneys fees "required by law." (Complaint, p. 3, ¶ 14; p. 6 ¶ 37) These allegations should be discarded because no legal theory or statutory authority is advanced by the Complaint that would require General American to pay interest or attorney's fees before there has even been a finding of liability. The averment is obviously premature. The widely varying use of legal terms which may or may not be intended by the Plaintiff to have legal significance causes confusion and should be corrected.

These vague and ambiguous allegations preclude General American from filing a responsive pleading. Elimination of the ambiguous allegations and a more definite statement will result in a complaint which properly frames the issues and allows General American to file a responsive pleading.

### III. CONCLUSION

WHEREFORE, Defendant, GENERAL AMERICAN LIFE INSURANCE COMPANY, respectfully requests that the Court grant this motion and enter an order dismissing the Complaint on the ground that the Counts I and II are preempted by ERISA or alternatively, dismissing Counts I and II, for failure to state claims upon which relief can be granted and requiring Plaintiff to provide a more definite statement.

Respectfully submitted,

MARK D. GREENBERG, ESQ.
Fla. Bar No: 283959
J.P. GOSHGARIAN, ESQ.
Fla. Bar No.: 964956
Greenberg & Lagomasino, P.A.
799 Brickell Plaza, Suite 700
Miami FL  33131
Phone: (305) 379-6600
Fax:   (305) 372-9600
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed and faxed to

Dean M. Viskovich, Esq., Counsel for Plaintiff, 3650 North Federal Highway, Suite 201, Pompano

Beach, Florida, 33064, on January __18th__, 2000.

J.P. Goshgarian, Esq.

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

PLEASE REFER TO COURT FILE