UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CASE NO. 00-06062-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

BRENDA DIANE WHETSEL

    Plaintiff,

vs.                                             **REMOVAL STATUS REPORT**

GENERAL AMERICAN
LIFE INSURANCE COMPANY,

    Defendant.

_____

    Defendant, THE PAUL REVERE LIFE INSURANCE COMPANY ("Paul Revere"), through its counsel and pursuant to the Court's January 31, 2000, Notice of Court Practices in Removal Cases, serves this Removal Status Report and states as follows:

    1.    **Statement of the nature of claim:**  This action, removed from state court by General American on January 13, 2000, concerns Disability Income Insurance Policies ("Policies") issued by General American to Brenda Whetsel, as the insured, on October 15, 1987 and October 15, 1990. In sum, the Policies entitle Ms. Whetsel to disability benefits in the event she becomes disabled as defined by the Policies.

    Count I of the Complaint is for declaratory relief and alleges General American has failed to pay the Plaintiff disability benefits provided by the Polices. Count I prays for the Court to declare, *inter alia*, that termination of disability benefits "without conducting a physical examination or without having reasonable proof, and/or without a report generated by a physician stating that the insured is not disabled, is insufficient as a matter of law for the denial of Disability Income

[B]enefits and that [sic] is in violation of Florida law." (<u>Complaint</u>, p. 4, ¶ 12.B.)

Count II of the Complaint, though titled "Claim for Benefits," is a claim for breach of contract and alleges damages in the amount of $400,000.00 plus interest as a result of General American's failure to make disability payments under the Policies. (See also Defendant's Motion to Dismiss Plaintiff's Complaint and Motion for More Definite Statement pending before the Court.)

2. **Grounds for Removal:**

a. <u>Federal question</u>. This Court has original jurisdiction under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1131. This action is founded on a claim or right arising under the laws of the United States (ERISA, <u>see generally</u>, 29 U.S.C. §1001, et seq.), and may be removed to this Court under the provisions of 28 U.S.C. §1441. ERISA §514(a), 29 U.S.C. §1144(a), expressly preempts the state law claims asserted in the Complaint which relate to the recovery of benefits under an employee benefit plan.

b. <u>Diversity</u>. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and General American is entitled to remove this action to this Court pursuant to 28 U.S.C. §1441(a) and/or §1441(b) in that the matter in controversy exceeds the sum or value of $75,000, and at the time of removal and at the time of commencement, the action is between citizens of different states.

3. **Consent to the notice of removal: N/A**

4. **Timeliness of removal:** General American removed this action within 30 days after service of process of a copy of the initial pleading. See *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

Respectfully submitted,

_____
MARK D. GREENBERG, ESQ.
Fla. Bar No: 283959
J.P. GOSHGARIAN, ESQ.
Fla. Bar No.: 964956
Greenberg & Lagomasino, P.A.
799 Brickell Plaza, Suite 700
Miami, FL 33131
Phone: (305) 379-6600
Fax: (305) 379-6612
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on February 8, 2000 to Dean M. Viskovich, Esq., Co-counsel for Plaintiff, 3650 North Federal Highway, Suite 201, Pompano Beach, Florida, 33064 and Thomas D. Lardin, Esq., Co-counsel for Plaintiff, 1901 West Cypress Creek Road, Suite 415, Fort Lauderdale, FL 33309

_____
J.P. Goshgarian, Esq.

F:\3420\Pleadings\Rmvl Stat Rpt.wpd