UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CASE NO. 00-06062-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

BRENDA DIANE WHETSEL    :

    Plaintiff,    :

vs.    :    **JOINT STATUS REPORT**

GENERAL AMERICAN    :
LIFE INSURANCE COMPANY,
                                             :
    Defendant.
_____:

    The Parties, through their counsel, and pursuant to the Court's January 31, 2000, Notice of Status Conference Pursuant to Local Rule 16.1(B)(7), serve and file this Joint Status Report and state as follows:

    1.    **Statement of the nature of claim:**  This action, removed from state court by General American on January 13, 2000, concerns Disability Income Insurance Policies ("Policies") issued by General American to Brenda Whetsel, as the insured, on October 15, 1987 and October 15, 1990. In sum, the Policies entitle Ms. Whetsel to disability benefits in the event she becomes disabled as defined by the Policies.

    Count I of the Complaint is for declaratory relief and alleges General American has failed to pay the Plaintiff disability benefits provided by the Polices. Count I prays for the Court to declare, *inter alia*, that termination of disability benefits "without conducting a physical examination or without having reasonable proof, and/or without a report generated by a physician stating that the insured is not disabled, is insufficient as a matter of law for the denial of Disability Income



[B]enefits and that [sic] is in violation of Florida law." (Complaint, p. 4, ¶ 12.B.)

Count II of the Complaint, though titled "Claim for Benefits," is a claim for breach of contract and alleges damages in the amount of $400,000.00 plus interest as a result of General American's failure to make disability payments under the Policies.

2.  **Summary of uncontested or stipulated facts:** As the pleadings are still open, there are no uncontested or stipulated facts.

3.  **Summary of the issues as presently known:** Whether the Plaintiff's Complaint fails to state a claim upon which relief can be granted; whether this action will be controlled by ERISA or state law.

4.  **Summary of pending motions:**

    a.  Defendant's Motion to Dismiss Plaintiff's Complaint and Motion for More Definite Statement; and

    b.  Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Dismiss Plaintiff's Complaint and Motion for More Definite Statement.

5.  **Discovery Progress and trial date:** No discovery has been undertaken. This case should be ready for trial by the end of this summer.

6.  **Time necessary for trial / jury or non-jury trial:** Estimated time for a trial is three (3) days. It has not been determined whether the trial will be by jury or non-jury.

7.  **Unique legal or factual aspects of the case:** None

8.  **Status of any potential settlement:** There have been no settlement discussions.

9.  **Magistrate elections:**

    a.  The Parties are consulting with their respective counsel regarding the election

to have the case tried before a Magistrate; and

    b.  At this time, there are no unique issues in this case requiring referral to a Special Master or Magistrate Judge. The Parties wish to reserve their right to request such a referral should the need arise.

  10. **Other considerations:** None

    Respectfully submitted the __9th__ day of February, 2000.

Thomas D. Lardin, Esq.
Fla. Bar No.: 230146
1901 West Cypress Creek Road
Suite 415
Fort Lauderdale, FL 33309
Phone: (954) 938-4406
Fax: (954) 938-4409
*and*
Dean M. Viskovich, Esq.
3650 North Federal Highway
Suite 201
Pompano Beach, FL 33064
Phone: (954) 943-7633
Fax: (954) 943-0481
**Attorneys for Plaintiff**

Mark D. Greenberg, Esq.
Fla. Bar No.: 283959
J.P. Goshgarian, Esq.
Fla. Bar No.: 964956
Greenberg & Lagomasino, P.A.
799 Brickell Plaza, Suite 700
Miami, FL 33131
Phone: (305) 379-6600
Fax: (305) 379-6612
**Attorneys for Defendant**