UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CASE NO. 00-06062-CIV-FERGUSON
MAGISTRATE JUDGE SNOW

BRENDA DIANE WHETSEL          :

    Plaintiff,                :

vs.                           :

GENERAL AMERICAN              :
LIFE INSURANCE COMPANY,
                              :
    Defendant.
                              :
_____

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, GENERAL AMERICAN LIFE INSURANCE COMPANY ("General American"), through its counsel, serves its Answer to Plaintiff's Amended Complaint and states as follows:

1.     General American admits the allegations contained in paragraph 1.

2.     General American is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2.

3.     General American admits the allegations contained in paragraph 3.

4.     General American denies the allegations contained in paragraph 4.

5.     General American is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 5.

6.     General American denies the allegations contained in paragraph 6.

7.     General American denies the allegations contained in paragraph 7.



8. In response to paragraph 8, General American admits that it issued two policies of disability insurance to Whetsel, the terms and conditions of which speak for themselves. In further response to paragraph 8, General American has possession of specimen copies of both policies. General American denies the remaining allegations contained in paragraph 8.

9. General American denies the allegations contained in paragraph 9.

10. In response to paragraph 10, General American admits the Plaintiff provided an initial proof of claim form for disability benefits under the policies, a copy of which is in General American's possession. General American denies the remaining allegations of paragraph 10.

11. General American admits the Plaintiff made a demand for payment of benefits, but denies the remaining allegations contained in paragraph 11.

12. General American denies the allegations contained in paragraph 12 and denies that the policies of insurance specify where payments are due.

13. General American denies the allegations contained in paragraph 13. No statutory interest penalties or attorneys fees are due and any claim for attorneys fees is premature at this point.

14. In response to paragraph 14, General American admits that the amount in controversy falls within the jurisdictional limitations of this Court, but denies there is any sum presently due and owing the Plaintiff. In further response to paragraph 14, General American avers that Florida Statute 627.428 would only apply in this case if Plaintiff's claim for benefits is not governed by ERISA. If Plaintiff's claim is not governed by ERISA, Florida Statute 627.428 would apply to the Plaintiff's claim for benefits.

15. In response to paragraph 15, General American is without sufficient knowledge to admit or deny the circumstances surrounding Whetsel's retention of counsel and therefore demands

strict proof thereof. General American denies the remaining allegations of paragraph 15.

16.  General American denies the Plaintiff is entitled to judgment and denies each and every allegation of the Amended Complaint not specifically admitted herein and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

17.  As its first affirmative defense, General American avers that the Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

18.  As its second affirmative defense, General American avers that the Plaintiff's state law claims are preempted by the Employees Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA").

### Third Affirmative Defense

19.  As its third affirmative defense, General American avers that Plaintiff's remedy, if any, is under the exclusive civil enforcement provisions of ERISA and that ERISA does not permit the recovery of damages as asserted by the Plaintiff.

### Fourth Affirmative Defense

20.  As its fourth affirmative defense, General American avers that its decision to deny the Plaintiff's claim for benefits under the benefit plan was not arbitrary and capricious and/or was otherwise in accordance with the terms of the benefit plan and reasonable under the facts and circumstances of this case.

### Fifth Affirmative Defense

21. As its fifth affirmative defense, General American avers that the Plaintiff has failed to properly make a claim for benefits prior to the filing of this action. Therefore, the Plaintiff is barred from bringing the instant action for failure to exhaust administrative remedies.

### Sixth Affirmative Defense

22. As its sixth affirmative defense, General American avers that the Plaintiff's claim for benefits under ERISA is an equitable action and, therefore, there is no right to a jury trial under either ERISA or the Seventh Amendment of the United States Constitution.

### Seventh Affirmative Defense

23. As its seventh affirmative defense, General American avers that to the extent the Plaintiff is entitled to any recovery in this action, General American is entitled to a set-off for overpayment of benefits made to the Plaintiff.

### Eighth Affirmative Defense

24. As its eighth affirmative defense, General American avers that the Plaintiff has failed to comply with conditions precedent under the policy for entitlement to benefits. More specifically, for coverage to exist under the policies, the Plaintiff must timely provide satisfactory written proof of loss and necessary information. The Plaintiff has failed to provide such proof, thereby constituting a failure to perform conditions precedent under the policies.

### Ninth Affirmative Defense

25. As its ninth affirmative defense, General American avers that due to the Plaintiff's failure to timely provide satisfactory written proof of loss and necessary information, estoppel, waiver, and/or laches bar the Plaintiff from claiming entitlement to disability benefits and from

claiming General American has breached the policy by failing to pay disability benefits.

### Tenth Affirmative Defense

26. As its tenth affirmative defense, General American avers that its liability to the Plaintiff, if any, is subject to the terms, conditions, limitations, and definitions contained in the policy.

WHEREFORE, General American demands judgment in its favor together with costs and any further relief this Court deems just and proper.

Respectfully submitted,

MARK D. GREENBERG, ESQ.
Fla. Bar No: 283959
J.P. GOSHGARIAN, ESQ.
Fla. Bar No.: 964956
Greenberg & Lagomasino, P.A.
799 Brickell Plaza, Suite 700
Miami, FL 33131
Phone: (305) 379-6600
Fax:   (305) 379-6612
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on March 31, 2000, to: Dean M. Viskovich, Esq., Co-counsel for Plaintiff, 3650 North Federal Highway, Suite 201, Pompano Beach, Florida, 33064 and Thomas D. Lardin, Esq., Co-counsel for Plaintiff, 1901 West Cypress Creek Road, Suite 415, Fort Lauderdale, FL 33309

J.P. Goshgarian, Esq.

F:\3420\Pleadings\Answ Amd Compl.wpd